**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANDREW JACKSON,**<br><br>Plaintiff,<br><br>**v.**<br><br>**AMAZON.COM SERVICES LLC,**<br><br>Defendant. | No. 2:26-cv-07113-WJM-MAH<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant Amazon.com Services LLC's Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 7 ("Defendant's Motion to Dismiss" or "Motion"). Defendant's Motion moves to dismiss Counts I and III of Plaintiff's Complaint. The Court declines to hold oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff Andrew Jackson began his employment as a package handler for Defendant in or about September 2021 in Defendant's Edison, New Jersey warehouse. ECF No. 3, Ex. 1 ("Complaint" or "Compl."), ¶¶ 5-6. On or about June 21, 2025, Plaintiff suffered a stroke and was hospitalized for four days. *Id.* ¶¶ 8-9. When Plaintiff returned from medical leave, Defendant informed Plaintiff that he had been terminated. *Id.* ¶ 11. Plaintiff alleges that Defendant only offered to reinstate his position after Plaintiff filed for unemployment. *Id.* ¶ 12. Plaintiff also alleges that he was "rushed back to work" and started working again in or around July 2025. *Id.* ¶ 13. Plaintiff had to take medication for his stroke, which Amazon was aware of. *Id.* ¶ 14.

In or about August 2025, Plaintiff took medical leave again after having a stent procedure. *Id.* ¶ 15. In or about early October 2025, Plaintiff had a medical emergency at work and asked his supervisor to use a vacation day to see his physician. *Id.* ¶¶ 16-17. Plaintiff's supervisor approved his vacation day. *Id.* ¶ 18. However, when Plaintiff asked Defendant for information on his next scheduled shift after his medical leave, Defendant informed Plaintiff that he had been terminated for "having too many days off." *Id.* ¶ 19.

Plaintiff was fifty-eight years old at the time of his termination, and he alleges that younger employees subsumed his position and/or job responsibilities. *Id.* ¶¶ 21-22. Plaintiff also alleges that he was "an exceptional employee" with "no discernable performance issues" during his time employed. *Id.* ¶ 7.

Plaintiff filed suit in state court, bringing claims under New Jersey law for disability discrimination, perceived disability discrimination, and failure to accommodate (Count I); retaliation (Count II); and age discrimination (Count III). Defendant timely removed. ECF No. 1 ("Notice of Removal").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), courts must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Courts may disregard legal conclusions, conclusory statements, and "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is not required to include detailed factual allegations to avoid dismissal under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S at 570). A claim has facial plausibility when its pleaded facts allow courts "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts should draw on their "judicial experience and common sense" when making a plausibility determination. *Id.* at 679.

## III. DISCUSSION

The Court will address the claims in the order in which the claims were presented in Defendant's Motion to Dismiss.

### A. Age Discrimination Claim (Count III)

To establish a *prima facie* case of age discrimination under the New Jersey Law Against Discrimination ("NJLAD"), a plaintiff must show that age "played a role in the decision making process and that it had a determinative influence on the outcome of that process." N.J.S.A § 10:5-1, *et seq.*; *Bergen Com. Bank v. Sisler*, 157 N.J. 188, 207 (1999); *Firrello v. Macy's, Inc.*, No. 13-cv-2277, 2013 WL 5773106, at *5 (D.N.J. Oct. 23, 2013). When a plaintiff relies on circumstantial evidence, the New Jersey Supreme Court applies a modified *McDonnell Douglas* framework, which requires a plaintiff to satisfy four elements by a preponderance of the evidence to establish a *prima facie* case of age discrimination: (1) the plaintiff is a member of a protected class, (2) the plaintiff was

performing his job at a level that met his employer's legitimate expectations, (3) the plaintiff was terminated, and (4) after termination, the position remained open and the employer continued to seek applications. *Monaco v. Am. Gen. Assur. Co*, 359 F.3d 296, 301 (3d Cir. 2004) (applying the four elements to a reduction-in-force case); *Sisler*, 157 N.J. at 218 (addressing the four elements in a reverse discrimination case); *Wright v. L-3 Commc'ns. Corp.*, 227 F. Supp. 2d 293, 298 (D.N.J. 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Courts have adjusted the fourth element of the framework to whether the plaintiff was replaced by someone "sufficiently younger to permit an inference of age discrimination." *Monaco*, 359 F.3d at 303-04; *Firrello*, 2013 WL 5773106, at *5.

Defendant does not dispute elements one through three of the age discrimination framework. *Monaco*, 359 F.3d at 301. Instead, Defendant argues that the Complaint does not state a plausible claim for age discrimination because Plaintiff has not adequately alleged whether Plaintiff was replaced by someone sufficiently younger to permit an inference of age discrimination. *See id.* at 301-04. Plaintiff correctly argues that he alleged more than the plaintiff in *Gardner*, who had failed to allege any facts under the fourth element of the framework. *Gardner v. U.S. Food Serv., Inc.*, No. 08-cv-5381, 2010 WL 1050168, at * 3 (D.N.J. Mar. 19, 2010). However, Plaintiff's allegation that his job role was subsumed by "younger employees" does not rise to the level of the allegation in *Martinez*, where the plaintiff alleged that his replacements were "significantly younger" than him and less qualified and experienced. Compl. ¶ 22; *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 267-68 (3d Cir. 2021) (applying a similar *McDonnell Douglas* framework in an Age Discrimination in Employment Act ("ADEA") case). Accordingly, merely alleging that Plaintiff's role was subsumed by younger employees is a conclusory statement that is insufficient to state a claim of age discrimination that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Rossi v. Vericare Mgmt.*, No. 13-cv-6884, 2016 WL 6892075, at *5-6 (D.N.J. Nov. 22, 2016) (stating "in order to determine whether a person is 'sufficiently younger' to permit an inference of age discrimination [under the NJLAD], a plaintiff must also plead the actual age, or at least an approximation of the actual age, of the person that replaced the plaintiff"). Because the Complaint lacks sufficient factual allegations to determine whether Plaintiff's replacements were "sufficiently younger to permit an inference of age discrimination," Count III is **dismissed**.

### B. Disability Discrimination/Perceived Disability Discrimination/Failure to Accommodate Claims (Count I)

#### 1. *Disability Discrimination/Perceived Disability Discrimination Claims*

Disability discrimination and perceived disability discrimination are properly considered together because perceived disability discrimination "merely provides an alternative definition for a motivation prohibited by the statute; it does not present a separate cause of action." *Cotto v. Ardagh Glass Packing, Inc.*, No. 18-cv-1037, 2018 WL

3814278, at *4 (D.N.J. Aug. 10, 2018); *see Grande v. St. Clare's Health Sys.*, 230 N.J. 1, 18 (2017). Thus, to state a *prima facie* case for disability discrimination or perceived disability discrimination under the NJLAD, a plaintiff must show (1) that he is disabled or perceived to be disabled, (2) that he was otherwise qualified to perform the essential functions of his job, with or without accommodations, (3) that he suffered an otherwise adverse employment action as a result of discrimination, and (4) that the employer sought someone else to perform the same work. *Victor v. State*, 401 N.J. Super. 596, 609 (App. Div. 2008), *aff'd as modified*, 230 N.J. 383 (2010); *Stewart v. Cnty. of Salem*, 274 F. Supp. 3d 254, 259 (D.N.J. 2017).

Defendant's Motion disputes whether Plaintiff sufficiently pleaded that Plaintiff was otherwise qualified to perform the essential functions of his job, with or without accommodations. *Victor*, 401 N.J. Super. at 609. Defendant argues that the Complaint "neither identifies the job functions of Plaintiff's position nor alleges that he could perform those functions, with or without accommodation, after his purported injury." Defendant's Motion, at 7. Accepting the factual allegations as true and construing the Complaint in the light most favorable to Plaintiff, the Complaint alleges that Plaintiff was a package handler for Defendant's New Jersey warehouse, and after suffering a stroke, Plaintiff had to take three instances of approved medical leave but remained an exceptional employee with no discernable performance issues up until his termination. Compl. ¶¶ 6-19; *Phillips*, 515 F.3d at 228. Plaintiff does not list out the job functions at this stage, but he does allege his position and his exceptional performance. Compl. ¶¶ 6-19. These allegations distinguish Plaintiff from plaintiffs who merely allege their job roles but not their performances. *See, e.g., Minegar v. Amazon.com Servs. Inc.*, No. 22-cv-02162, 2023 WL 2244997, at *3 (D.N.J. Feb. 27, 2023); *Bobo v. Wildwood Pub. Schs. Bd. of Educ.*, No. 13-cv-5007, 2014 WL 2215935, at *7 (D.N.J. May 28, 2014). Plaintiff alleged his ability to perform throughout the entirety of his employment, which includes after he returned from medical leave. Compl. ¶¶ 6-19; *Bell v. KA Indus. Servs., LLC*, 567 F. Supp. 2d 701, 707 (D.N.J. 2008) (explaining "it is certainly plausible that [the plaintiff] had sufficiently healed to the point where he was able to perform his duties as a backhoe operator" after reporting back to work following his medical leave). Lastly, despite suffering from a stroke in June 2025 and returning to work in July 2025, Plaintiff was not terminated until October 2025, where he was fired for allegedly "having too many days off," not for performance issues; Plaintiff has alleged to have been performing up until his termination. Compl. ¶¶ 6-19; *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436, 454-55 (2005) (explaining "[a]ll that is necessary" to satisfy the second element is for a plaintiff to produce evidence "that [the plaintiff is] actually performing the job prior to the termination"). Thus, the disability discrimination claims of Count I contain sufficient factual matter to proceed.

2. *Failure to Accommodate Claim*

The four elements used to analyze a failure to accommodate claim under the NJLAD are (1) the plaintiff "was disabled and his employer knew it; (2) he requested an

accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." N.J.S.A. §§ 10:5-1, *et seq.*; *Armstrong v. Burdette Tomlin Mem'l. Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006).

The Defendant's arguments primarily fall within the second, third, and fourth elements of a failure to accommodate claim; the first element is not in dispute. *Armstrong*, 438 F.3d at 246. Defendant claims that Plaintiff did not identify any reasonable accommodation that was requested and Amazon denied, specifically arguing that Plaintiff took an approved vacation day and three medical leaves without issue. While none of Plaintiff's reasonable accommodation requests were directly denied, terminating Plaintiff for taking medical leave to accommodate a disability may have acted as a denial of an accommodation. *See Boles v. Wal-Mart Stores, Inc.*, No. 12-cv-1762, 2014 WL 1266216, at *13 (D.N.J. Mar. 26, 2014) (explaining that a reasonable accommodation can "take the form of a temporary leave of absence"); *Naranjo v. United Airlines, Inc.*, No. 23-cv-1939, 2025 WL 2778504, at *2, *6 (D.N.J. Sep. 30, 2025) (holding that there was a genuine issue of material fact regarding a failure to accommodate claim when an airline terminated a flight attendant for taking intermittent leave to moderate her Crohn's disease). Therefore, the Complaint alleges sufficient facts to support elements two through four of the failure to accommodate claim because, taking the factual allegations as true and construing the Complaint in the light most favorable to Plaintiff, Plaintiff requested medical leave for his disability, Defendant constructively denied Plaintiff's leave by terminating his employment for taking his medical leave, and the medical leave could have reasonably accommodated Plaintiff's disability. Compl. ¶¶ 8-19; *Phillips*, 515 F.3d at 228; *Armstrong*, 438 F.3d at 246. Thus, the failure to accommodate claim of Count I contains sufficient factual matter to proceed.

### C. Leave to Amend

Under Rule 15, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff is now "on notice as to the deficiencies in his complaint" and should have an opportunity to cure them. *Krantz v. Prudential Invs. Fund Mgmt. LLC,* 305 F.3d 140, 144 (3d Cir. 2002). Consequently, the Court **grants** Plaintiff leave to amend.

## IV. CONCLUSION

For these reasons, the Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Defendant's Motion is **granted** with respect to Count III and **denied** with respect to Count I. Plaintiff's age discrimination claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's alternative request for leave to amend is **GRANTED.** Plaintiff may file an amended complaint within twenty-one (21) days of the date of this Opinion that cures the deficiencies articulated herein. An appropriate order follows.

**DATE:** 9/10/26

**WILLIAM J. MARTINI, U.S.D.J.**